35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David L. BAILEY, Defendant-Appellant.
 No. 93-5100.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1994.
 
 Before SEYMOUR, Chief Judge, and MOORE and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 David L. Bailey appeals his conviction for equity skimming. 12 U.S.C. 1709-2. Defendant contends, despite his pretrial access to the government file in this case, the district court erred by refusing to grant his motion for a bill of particulars. He also argues the evidence failed to show he was guilty of the scheme to defraud, which is a necessary element of the crime. Because defendant has failed to demonstrate he was actually surprised at trial and therefore prejudiced, we hold the district court did not abuse its discretion in denying the bill of particulars. We also conclude there was ample evidence of his scheme to defraud. The parties are well aware of the facts of this case; thus, we shall not repeat them here.
 
 
 2
 To prevail on the bill of particulars issue, defendant must establish the district court abused its discretion in denying defendant's motion. United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir.1988). However, a defendant, who fails to demonstrate actual surprise at trial as a consequence of the denial of a bill of particulars or cannot show consequential prejudice, cannot obtain a reversal. United States v. Higgins, 2 F.3d 1094, 1096 (10th Cir.1993) (citing United States v. Dunn, 841 F.2d at 1029).
 
 
 3
 Although defendant's brief makes an extensive argument on the need for pleading the particulars of fraud, it makes no reference to actual surprise at trial. Indeed, counsel was able to argue effectively, though not persuasively, to the jury that the government failed to prove fraud. Nonetheless, given the facts of this case, we are not convinced the denial of the bill of particulars affected its outcome because defendant's fraudulent scheme was patent in his conduct. Without the required demonstration of surprise or sufficient showing that the failure impeded his defense, defendant's remaining arguments are moot on appeal.
 
 
 4
 Defendant concedes in an equity skimming case intent to defraud can be inferred. He contends, however, there was no evidence here from which the jury could have found that intent. Unfortunately, he ignores a substantial amount of evidence produced by the government, not the least of which was the testimony of former property owners that defendant induced them to convey deeds to him on his representation he would make the mortgage payments as they accrued. The falsity of that statement is evident from his almost complete failure to make such payments, despite having collected and pocketed monthly rents from each of the properties. Moreover, the conduct of the defendant was substantially the same in each instance, leading to the conclusion he engaged in a pattern of behavior to acquire property subject to mortgages insured by the Secretary of Housing and Urban Development while intending not to pay those mortgages, despite promises to do so, and also intending to accept for his own use rents from those properties. We believe the evidence was sufficient to convict him.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470